UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

LEMUEL L. COLE,

    Petitioner,

v.                                                 Case No. 3:24cv417-TKW-HTC

RICKY DIXON,

    Respondent.
_____/

ORDER and
REPORT AND RECOMMENDATION

    Lemuel L. Cole, proceeding *pro se*, initiated this action by filing a handwritten "Petition for Writ of Mandamus or in the Alternative for Writ of Habeas." Doc. 1. Cole has also filed a motion to proceed *in forma pauperis*. Doc. 6. The undersigned screened the filing and was unable to determine whether Cole was seeking to file a habeas action under 28 U.S.C. § 2254, an improper petition for writ of mandamus directed at state officials, or a civil action seeking declaratory and injunctive relief under 42 U.S.C. § 1983. Thus, the undersigned issued an Order to Cole advising him that to the extent he was seeking to file a habeas petition, he must use the Court's form for habeas petitions and must file a motion to proceed *in forma pauperis*. Doc. 3. Despite the clear directives in the Court's September 9, 2024 Order, however, Cole did not submit a habeas petition on this Court's forms. Instead, Cole filed an "Amended Petition for Writ of Mandamus and/or Declaratory Judgment," Doc. 5,

which, like the first filing, is not a habeas petition and continues to seek federal mandamus relief against state officials.

As explained more fully below, the undersigned finds that this case was improperly docketed by the clerk as a habeas matter because Cole is not seeking habeas relief. Rather, Cole is seeking a writ of mandamus compelling action from state officials, which is improper. Thus, the only viable construction of his case is as an action seeking declaratory and injunctive relief under § 1983. Cole, however, cannot file an action under § 1983 for declaratory and injunctive relief because he is a 3-striker who did not pay the filing fee when he filed this action. Indeed, because Cole is a 3-striker, his motion to proceed *in forma pauperis*, Doc. 6, should be DENIED.

I.   BACKGROUND

Cole was an inmate at Century Correctional Institution at the time he filed this action, serving lengthy sentences imposed for aggravated battery and armed robbery in Miami-Dade County case 1980 CF 23642. Over the years, he has filed numerous civil actions and habeas petitions in state and federal court. In this action, Cole takes issue with the disposition of an emergency petition for writ of habeas corpus he filed with the First District Court of Appeals ("First DCA"). Doc. 5 at 5. Cole explains that this emergency petition was denied *per curiam* on May 29, 2024, with only the following language: "DISMISSED. *See Baker v. State*, 878 So. 2d 1236 (Fla.

2004)." *Baker* held that "a Florida prisoner may not use a state habeas petition to collaterally attack his conviction but instead must file a 3.850 motion[.]" *Kessler v. Sec'y of Fla. Dep't of Corr.*, 2022 WL 936100, at *8 (N.D. Fla. Feb. 23, 2022), *report and recommendation adopted*, 2022 WL 911673 (N.D. Fla. Mar. 29, 2022). Cole then filed a motion for rehearing and amended motion for rehearing, both of which were denied. Doc. 5 at 6-7.

In Cole's original petition for writ of mandamus, Doc. 1, he argued that the First DCA's dismissal of the emergency petition constituted a suspension of the writ of habeas corpus in violation of the Suspension Clause.[1] He, therefore, asked this Court for "a writ of mandamus, compelling the state courts below to comply with the federal habeas corpus due process and/or equal protection rights, to an unbiased determination of his state and/or federal constitutional claims, of his current illegal detention and right under the existing law to immediate release." Doc. 1 at 1.

As stated above, the Court issued an Order directing Cole to file an amended habeas petition on this Court's forms if he wanted to pursue habeas relief under § 2254, and to file a motion to proceed *in forma pauperis*. The Court further noted that, if Cole was *only* seeking mandamus relief against state officials, he should

---

[1] Art. I, § 9, cl. 2 of the Constitution provides: "The Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it."

Case No. 3:24cv417-TKW-HTC

voluntarily dismiss this action because it is not a habeas action, and Cole was not entitled to the relief requested.[2]  Doc. 3.

In response to the Court's Order, Cole chose not to use the § 2254 form; instead, he filed an "Amended Petition for Writ of Mandamus and/or Declaratory Judgment," Doc. 5, in which he continues to seek mandamus relief rather than federal habeas relief.  He does not ask this Court to order his immediate release but rather requests that the Court order the state courts to consider his state habeas petition on the merits.  *See* Doc. 5 at 23-24.  Notably, Cole deleted the reference to "habeas" in the title of the amended petition and replaced it with a request for a "declaratory judgment."

Because Cole's amended petition constitutes a civil action under § 1983, *see, e.g., Allen v. Ala. Dep't of Corr.*, 2021 WL 11421356 at *1 n.2 (M.D. Ala. Jan. 11, 2021) (rejecting petition for writ of mandamus against state officials but informing plaintiff that what he is really trying to do is seek relief under § 1983), rather than a habeas petition, the Court will direct the clerk to redesignate this matter as a prisoner civil rights action (rather than a habeas action).  *See e.g., Ridley v. Fla. Dep't of Law Enf't*, 2020 WL 2949834, at *2 (N.D. Fla. May 14, 2020), *report and*

---

[2] *See Lawrence v. Miami-Dade Cnty. State Att'y Off.*, 272 F. App'x 781 (11th Cir. 2008) ("federal courts have no general power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties where mandamus is the only relief sought") (quoting *Lamar v. 118th Judicial Dist. Court of Tex.,* 440 F.2d 383, 384 (5th Cir. 1971)).

Case No. 3:24cv417-TKW-HTC

*recommendation adopted sub nom. Ridley v. Ford*, 2020 WL 2949907 (N.D. Fla. June 3, 2020) (construing habeas petition as civil rights action under § 1983 because petitioner "does not seek immediate release from custody or a shortening of his sentence" and instead "seeks declaratory and injunctive relief directed at Florida state officials") (citing *Hall v. Marshall*, 2005 WL 3479880 (E.D.N.Y. Dec. 20, 2005) ("because he is not challenging 'the fact or duration of custody,' the Court construes Hall's *habeas* petition as a section 1983 claim")); *Wheat v. Pub. Defenders Office*, 2015 WL 4877236, at *1 (M.D. Ga. Aug. 14, 2015) (liberally construing case docketed as habeas petition as a § 1983 complaint for damages and injunctive or mandamus relief"); *Rodriguez v. Clipford*, 2022 WL 22878026, at *1 (N.D. Fla. Sept. 6, 2022) ("Plaintiff does not challenge the validity of his sentence or confinement and does not appear to seek immediate or speedier release. Thus, this court will construe the motion as a civil rights action brought under 42 U.S.C. § 1983 and not one sounding in habeas relief.").

Cole, however, is barred from filing a § 1983 action without paying the full filing fee because he is a three-striker under 28 U.S.C. § 1915(g).[3] Title 28 U.S.C.

---

[3] Section 1915(g) would apply even if the Court were to construe the case as a petition for writ of mandamus. *See Hernandez v. Ryan*, 2010 WL 3447487, at *3 (S.D. Fla. Aug. 11, 2010) ("Petitions for Mandamus against either federal officials or against state officials qualify as 'civil actions' under 28 U.S.C. § 1915(g)."), *report and recommendation adopted,* 2010 WL 3447486 (S.D. Fla. Aug. 31, 2010) (citing *In Re: Billy D. Jacobs, a/k/a Ya qub,* 213 F.3d 289 (5th Cir. 2000)); *see also, Green v. Nottingham,* 90 F.3d 415, 418 (10th Cir. 1996) (holding that mandamus petitions qualify as "civil actions" under § 1915(g), and that plaintiff with three prior strikes under

§ 1915(g) of the Prison Litigation Reform Act ("PLRA") prohibits a prisoner from proceeding *in forma pauperis* under certain circumstances:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

A prisoner who is barred from proceeding *in forma pauperis* must pay the filing fee at the time he initiates his lawsuit, and his failure to do so warrants dismissal of his case without prejudice. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he initiates the suit") (emphasis omitted); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) (stating that after three meritless suits, a prisoner must pay the full filing fee at the time he initiates suit). The only exception is if the prisoner alleges he is "under imminent danger of

---

the statute could not be permitted to continue filing actions by merely framing pleadings as petitions for writs of mandamus since to do so would allow a loophole Congress surely did not intend in its stated goal of discouraging frivolous and abusive prison lawsuits); *In Re: Michael C. Washington,* 122 F.3d 1345 (10th Cir. 1997) (petitions for writ of mandamus qualify as "civil actions" under § 1915(g)).

Case No. 3:24cv417-TKW-HTC

serious physical injury." 28 U.S.C. § 1915(g); *see also Brown v. Johnson*, 387 F.3d 1344, 1349 (11th Cir. 2004).

The Court takes judicial notice that as early as 2012, the Southern District of Florida determined that Cole was a three-striker. *See* Report and Recommendations, Doc. 4, *Cole v. Kebe Commissary Network*, 2:12-cv-14268-KMM (S.D. Fla. July 27, 2012) (listing prior strikes and dismissing case without prejudice under 28 U.S.C. § 1915(g)). Because Cole has three strikes, he may not litigate this case *in forma pauperis* unless he demonstrates he is "under imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g). Cole, however, does not meet this exception. As set forth above, he complains the First DCA should have considered his state habeas petition on the merits. Thus, he does not allege he is in imminent danger of serious physical injury. Therefore, Cole's failure to pay the full filing fee when he filed suit warrants dismissal. *See Dupree*, 284 F.3d at 1236.

Accordingly, it is ORDERED:

1. The clerk shall redesignate this matter on the electronic docket as a prisoner civil rights action, rather than a habeas or mandamus action.

2. Plaintiff's motion to proceed *in forma pauperis*, Doc. 6, is DENIED.

Case No. 3:24cv417-TKW-HTC

And it is RECOMMENDED:

1. That this case be DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(g) because Cole is a three-striker who did not pay the filing fee upon filing this civil action.

2. That the clerk close the file.

At Pensacola, Florida, this 23rd day of October, 2024.

/s/ Hope Thai Cannon
**HOPE THAI CANNON
UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1.

Case No. 3:24cv417-TKW-HTC